CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Sherry Lynn Keele, formerly Sherry Lynn Brennan (Brennan), appeals the modification of a child support order entered in the District Court for the Thirteenth Judicial District, Yellowstone County. We reverse.
We restate the issue presented as:
Does incarceration constitute a substantial and continuing change in circumstances so as to make the terms of an existing child support order unconscionable and, as such, warrant modification?
In 1983, Brennan gave birth to a son, Michael Anthony Mooney (Michael). Michael’s father was Clayton Michael Mooney (Mooney). In 1984, Mooney filed a petition seeking parental rights. After a substantial amount of legal maneuvering by both parents, a custody and support agreement was reached. Judgment on the agreement was entered in 1988. The order settled questions of paternity, custody, and support. The parents had joint custody with Mooney designated primary custodial parent.
In 1989, Brennan moved the District Court for modification of the final custody and support decree pursuant to § 40-4-219, MCA. In February 1991, the District Court denied Brennan’s motion. The District Court found Brennan had not satisfied the conditions set forth in § 40-4-219, MCA. In February 1991, and again in March 1991, Mooney was arrested and subsequently pled guilty to felonious criminal acts.
After the criminal incidents occurred in March 1991, Brennan moved the District Court for temporary custody of Michael. In April 1991, the District Court granted temporary custody to Brennan and issued a show cause order on the motion. Prior to a hearing on the show cause order, the parents stipulated that they would continue to have joint custody of Michael, but Brennan would have temporary physical custody. In addition, after it became apparent he would be *199 incarcerated in Deer Lodge as a result of pleading guilty to the criminal charges, Mooney stipulated that Brennan would be the primary custodial parent.
Having been awarded primary custody of Michael, Brennan moved for an award of child support from Mooney in May 1991. After a hearing in November 1991, the District Court awarded Brennan child support in the amount of $500 per month for April, May, June, and July 1991. The $500 amount was based on Mooney’s income prior to his incarceration. The District Court then modified the amount of child support and ordered Mooney to pay support in the amount of $50 per month for August, September, October, and November 1991. Mooney began serving his prison sentence on July 31,1991. Additionally, the District Court ordered Mooney to pay future child support payments of $50 per month beginning in December 1991. These payments were subject to modification upon Mooney’s release from prison and return to employment.
The District Court reasoned that Mooney’s incarceration qualified as a change of circumstances so substantial and continuing as to make the terms of the support order based upon his pre-incarceration income unconscionable. It found incarceration was not a voluntary act of unemployment or under-employment. Therefore, income could not be imputed to Mooney because he was neither unemployed nor under-employed of his own volition. Brennan appeals the modification of the support order.
Does incarceration constitute a substantial and continuing change in circumstances so as to make the terms of an existing child support order unconscionable and, as such, warrant modification?
In this appeal, we decide for the first time whether the voluntary commission of a criminal offense and subsequent involuntary incarceration is grounds for a reduction or suspension of a child support obligation in Montana. Although the District Court couched its order in terms of findings, it was interpreting a statute in light of the facts presented and therefore made a conclusion of law as to the application of § 40-4-208(2)(b)(i), MCA. Our standard of review is “whether the tribunal’s interpretation of the law is correct.” Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.
We are mindful that a number of jurisdictions which have addressed this issue have decided in favor of reducing or suspending the incarcerated parent’s support obligation. Some of these courts follow an Oregon Court of Appeals decision which was overruled in 1991. Edmonds v. Edmonds (Or.App. 1981), 633 P.2d 4, overruled by *200 Willis v. Willis (Or.App. 1991), 820 P.2d 858. Under the Edmonds line of reasoning, an incarcerated parent is entitled to modification unless it can be affirmatively shown that he has assets or income with which to make the payments or the parent became imprisoned to avoid support obligations. See, e.g. Johnson v. O’Neill (Minn.App. 1990), 461 N.W.2d 507; Pierce v. Pierce (Mich.App. 1987), 412 N.W.2d 291.
Additionally, some courts reason the continuation of a child support obligation imposes an additional penalty upon one whom the state has already penalized for an offense. Pierce, 412 N.W.2d at 293. Still others reason the continuation of a support obligation while the parent is incarcerated does nothing to help the child and simply adds to an accumulated burden which falls upon the parent when released from prison. Leasure v. Leasure (Pa.Super. 1988), 549 A.2d 225, 227. We are not persuaded by these holdings.
The continuation of the child support obligation while incarcerated does not constitute double punishment. It is simply a continuation of that which the incarcerated parent is bound under the law to do. Furthermore, although the parent will have a debt burden to assume upon release, repayment of the arrearage may be scheduled by the District Court according to post-incarceration income.
This Court has held that “a substantial change in the financial condition of the parent ... has been recognized as grounds for modifi cation of a previously-entered child support order,” and we will continue to adhere to this holding in appropriate cases. In re the Marriage of Rome (1980), 190 Mont. 495, 497, 621 P.2d 1090, 1092. However, we believe a rule absolving a parent of a child support obligation while incarcerated due to a voluntary criminal act is “in conflict with other well-established principles of domestic relations law....” Willis, 820 P.2d at 859. As we have often held, the support of children is a matter of social concern. Fitzgerald v. Fitzgerald (1980), 190 Mont. 66, 70, 618 P.2d 867, 869. “It is an obligation that the father owes the state as well as his children.” Fitzgerald, 618 P.2d at 869.
Section 40-4-208, MCA, allows a decree of child support to be modified under certain circumstances. Subsection (2)(b)(i), which is applicable to the facts presented here, reads:
(b) Whenever the decree proposed for modification contains provisions relating to... support, modification... may only be made: (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable;
*201 There is no question that incarceration constitutes a substantial change in circumstances. Nor do we question the continuity of the change of circumstances through the duration of the incarceration. However, the issue is whether the change of circumstances caused by incarceration rises to the level of unconscionability so as to warrant a suspension or reduction of a parent’s moral, as well as legal, obligation to support his own. In re the Marriage of Hickey (1984), 213 Mont. 38, 45, 689 P.2d 1222, 1226.
In the past, we have declined to adopt, or rely upon, a solitary definition for the term “unconscionable” as used in § 40-4-208, MCA. Green v. Green (1978), 176 Mont. 532, 539, 579 P.2d 1235, 1238-39. Rather, our interpretation of the term hinges upon a case-by-case analysis after scrutinizing the underlying facts. In re the Marriage of McNeff (1983), 207 Mont. 297, 300, 673 P.2d 473, 475. As we have said, “we know when we are shocked.” Green, 579 P.2d at 1239. In light of the facts presented here, we conclude it is not unconscionable to deny a temporary termination or reduction in child support obligations due to incarceration, notwithstanding the fact that the jailed parent earns no income while incarcerated and does not have assets which could be utilized to pay the support.
We agree with, and adopt the reasoning of, the Oregon Court of Appeals in Willis. In Willis, the Court of Appeals reasoned:
Criminal conduct of any nature cannot excuse the obligation to pay support. We see no reason to offer criminals a reprieve from their child support obligations when we would not do the same for an obligorwho voluntarily walks awayfromhisjob. Unlike the obligor who is unemployed or faced with a reduction in pay through no fault of his own, the incarcerated person has control over his actions and should be held to the consequences.
A person who has a support obligation should not profit from his criminal conduct, particularly at his children’s expense. We recognize that an individual in father’s situation — assuming that he is genuinely indigent and unable to pay — cannot be found in contempt for not paying support while incarcerated. However, this is not a contempt proceeding; it is simply a modification proceeding. Father should not be able to escape his financial obligation to his children simply because his misdeeds have placed him behind bars. The meter should continue to run. Accordingly, we hold the father’s support obligation continues to accrue during his incarceration.
*202 Willis, 820 P.2d at 860.
Additionally, Noddin v. Noddin (N.H. 1983), 455 A.2d 1051, and Proctor v. Proctor (Utah App. 1989), 773 P.2d 1389, are persuasive. Although these cases held modification of child support payments were unwarranted where the incarcerated parent had assets, the reasoning of both courts extends to the instant case. In Noddin, the New Hampshire Supreme Court reasoned that while unemployment and diminution of earnings were commonly grounds for modification of a child support decree, a change in financial condition brought about by the voluntary waste of one’s talents and assets is not reason for modification of a decree. Noddin, 455 A.2d at 1053 (citing 2A W. Nelson, Divorce and Annulment § 17.16, at87-88 (1961 rev. ed.)). The Utah Court of Appeals in Proctor reasoned similarly. “[A]n able bodied person who stops working ... as a result of punishment for an intentional act, nonetheless retains ... the duty to support his or her children.” Proctor, 733 P.2d at 1391.
The above reasoning, and that promulgated in Willis, is sound and in line with the public policy of this state. The provisions of Title 40, Chapter 4 are to be liberally construed to promote the underlying purposes of the chapter. Section 40-4-101, MCA. One purpose is to require parents to provide support for their children.
This chapter shall be liberally construed and applied to promote its underlying purposes, which are to:
(4) make reasonable provision for ... minor children during and after litigation;
Section 40-4-101(4), MCA. Under the facts of this case, we hold the District Court was incorrect as a matter of law in ruling incarceration meets the requirements of § 40-4-208(2)(b)(i), MCA, and justifies a modification of child support payments because of resultant loss of income.
The decision of the District Court is reversed and remanded for further proceedings consistent with this opinion.
JUSTICES HARRISON, McDONOUGH and WEBER concur.