No. 93-333

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN THE MATTER OF THE ESTATE OF

JOSEPH F. LANGENDORF,

Deceased.


FILED

NOV 18 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Carbon,
              The Honorable Maurice R. Colberg, Jr., Judge
presiding.


COUNSEL OF RECORD:

        For Appellant:

            Lawrence G. Allen, Tax Counsel, Dep't of Revenue,
            Helena, Montana

        For Respondent:

            Bruce E. Lee, Attorney at Law, Billings, Montana


                        Submitted on Briefs:  October 15, 1993

                               Decided:  November 18, 1993

Filed:

_____
                    Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

This appeal arises from a dispute over the taxable value of a gift of real property made by Joseph F. Langendorf two years prior to his death. Although the Estate of Joseph F. Langendorf (the Estate) agrees that the gift is subject to Montana inheritance tax, it challenges the Department of Revenue's (the Department) valuation of the gifted property. The Thirteenth Judicial District Court, Carbon County, granted summary judgment to the Estate, allowing the Estate a $20,000 reduction in the taxable value of the gifted property under Montana's inheritance tax statutes. We reverse, holding that the court incorrectly interpreted the statutes at issue.

The pertinent facts are undisputed. Joseph F. Langendorf (Langendorf) died on September 17, 1990. Two years prior to his death, Langendorf gifted real property located in Carbon County to Dean and Teresa Hayden in equal undivided interests.

Teresa Hayden, the personal representative named in Langendorf's will, filed a petition for informal probate on October 10, 1990. She subsequently filed an application for Determination of Inheritance Tax with the Department, listing the appraised value of the gifted real property as $128,000. She then subtracted $20,000 for an exclusion she denominated "annual gift exclusion" ($10,000 per donee) and submitted the property's taxable value for state inheritance tax purposes as $108,000.

The Department disallowed the $20,000 exclusion and determined inheritance taxes due based on the $128,000 market value of the

2

property. The Estate filed its objection to, and appeal of, the Department's determination of tax in District Court. Both parties moved for summary judgment, agreeing that no disputed issues of fact remained. In its opinion, the District Court tacitly conceded that the statutes did not provide for the exclusion, but reasoned that the legislature must have impliedly intended to allow the exclusion. It concluded that, in order to avoid an absurd result, the statute must be read to allow the $20,000 exclusion. The Department appeals.

The sole issue on appeal is whether Montana's inheritance tax statutes allow a deduction, exclusion or exception for the first $10,000 per donee of the taxable value of a gift made in contemplation of death.

The District Court's interpretation of the statutes in light of the facts presented resulted in a conclusion of law. Thus, our standard of review is whether the District Court's interpretation of the law is correct. Mooney v. Brennan (Mont. 1993), 848 P.2d 1020, 1022, 50 St.Rep. 229, 230; Andrews v. Ford Const. (1990), 241 Mont. 203, 205, 786 P.2d 18, 19. Applying our well-established rules of statutory construction, we conclude that the District Court's interpretation was in error.

In interpreting statutes, we first look to the plain meaning of the words used. Allison v. Jumping Horse Ranch (1992), 255 Mont. 410, 412, 843 P.2d 753, 755. When the language of a statute is plain, unambiguous, direct and certain, the statute speaks for itself and no further interpretation is required. Blake v. State

3

(1987), 226 Mont. 193, 198, 735 P.2d 262, 265; GBN, Inc. v. Montana Dep't of Revenue (1991), 249 Mont. 261, 265, 815 P.2d 595, 597. Furthermore, we have stated many times that it is the function of the courts to ascertain and declare what, in terms or substance, is contained in a statute; it is not our function to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. With those principles in mind, we review the applicable Montana inheritance tax statutes.

Section 72-16-308, MCA, establishes that taxable transfers will be taxed on the "clear market value" of the property and enumerates the allowable deductions which may be made in determining the clear market value. The statute is clear that only the listed deductions "and no other shall be allowed." Section 72-16-308(2), MCA. Moreover, even absent such explicit language, it is a general rule of taxation that an item may constitute a deduction only when the legislature specifically establishes the deduction. GBN, Inc., 815 P.2d at 597. Under the plain meaning of § 72-16-308, MCA, no deduction is allowed for the first $10,000 in value per donee of the transfer at issue here.

The question remains, therefore, whether the gift was a taxable transfer under Montana inheritance tax statutes. Section 72-16-301, MCA, reads, in pertinent part:

**Taxable transfers generally - contemplation of death.**

(1) A tax shall be and is hereby imposed upon any transfer of property, real, personal, or mixed, or any interest therein or income therefrom in trust or otherwise to any person, association, or corporation in the following cases, except as provided in this section:

4

. . .

(c) when the transfer is of property made by a resident . . . by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor, or donor or intended to take effect in possession or enjoyment at or after such death.

(3) Every transfer during the 3-year period ending on the date of the decedent's death must be considered to have been made in contemplation of death, except:

. . .

(b) if the transfer was a gift to a donee made during the calendar year and <u>if the decedent was not required by section 6019 of the internal revenue code to file any gift tax return</u> for the year with respect to the donee, the transfer may not be considered to be a gift made in contemplation of death. [Emphasis added.]

Thus, § 72-16-301(1)(c) and (3), MCA, begin by clarifying that transfers made in contemplation of death--such as Langendorf's gift to Dean and Teresa Hayden two years prior to his death--generally are taxable transfers for purposes of Montana inheritance tax. Section 72-16-301(3)(b), MCA, unambiguously goes on to provide that if the decedent was not required to file a federal gift tax return pursuant to § 6019 of the Internal Revenue Code (I.R.C.) for the particular transfer, that transfer is not made in contemplation of death and, therefore, is not subject to Montana inheritance tax.

The I.R.C. provision referenced in § 72-16-301(3)(b), MCA, only exempts a person from filing a gift tax return if the gift is $10,000 or less in value. See §§ 6019 and 2503, I.R.C. The property gifted to Dean and Teresa was worth more than $10,000 per donee and, therefore, a federal gift tax return was required. Because the federal gift tax return was required, the exclusion in § 72-16-301(3)(b), MCA, was not triggered.

5

We conclude, therefore, that the District Court erred in allowing the Estate's deduction. Under the plain meaning of § 72-16-301, MCA, Langendorf's gift to Teresa and Dean was a taxable transfer and the exception provided in § 72-16-301(3)(b), MCA, did not apply because a federal gift tax return was required. Accordingly, the plain language of § 72-16-308, MCA, requires that the property be taxed at its clear market value, $128,000.

The Estate argues that the 1989 Editorial Comments to § 72-16-301, MCA, demonstrate legislative intent to incorporate federal estate and gift tax provisions into Montana's inheritance tax scheme. On that basis, it asserts that the $10,000 annual federal gift tax exclusion per donee should be read into § 72-16-301, MCA. We disagree.

The comments read:

> 1989 Editorial Comment: Former Montana law subjected gifts of a "material part" of a decedent's estate to inheritance taxation if made within 3 years of the donor's death. However, former law did not define the phrase "material part". Some attorneys argued that the phrase meant that any amount, no matter how small, would be included, so long as the inheritance tax would increase by such inclusion.
> This change conforms Montana inheritance tax provisions concerning the de minimis exception for gifts made within 3 years of death with the corresponding provision of the federal estate tax. See Internal Revenue Code section 2035. Thus, if no federal gift tax return must be filed because the gift is within the annual exclusion of Internal Revenue Code section 2503(b) . . . then such gifts are not considered to be made in contemplation of death and therefore are not subject to Montana inheritance tax. . . .

As the comments indicate, the legislature intended to conform Montana inheritance tax statutes with the federal <u>estate</u> tax statutes--not federal gift tax statutes--with regard to what was

6

formerly referred to as the de minimis exception. Both the federal estate and Montana inheritance tax systems exempt from taxation any transfer that was not required to be reported under § 6019, I.R.C. The Editorial Comments also confirm our conclusion, based on § 72-16-301(3)(b), MCA, that if a federal gift tax return is not required, then the gift is not subject to Montana inheritance tax. The converse also is true and applies to this case: if a federal gift tax return is required, the gift is subject to Montana inheritance tax.

Further, nothing in the latter portion of the comments indicates that the legislature intended to incorporate federal gift tax provisions of any kind into Montana inheritance tax statutes. If the legislature had intended to provide an exclusion similar to that found in the federal gift tax provision at § 2503, I.R.C., it could have enacted a similar statute; it did not. Instead, it explicitly provided an exception only for those transfers for which a federal gift tax return was not required. Section 72-16-301(3)(b), MCA. As emphasized earlier, the reference to the gift tax provisions merely provides the "trigger" for determining whether a transfer made in contemplation of death is taxable under Montana inheritance tax statutes.

We hold, therefore, that Montana's inheritance tax statutes do not allow a deduction, exclusion or exception for the first $10,000 per donee of the taxable value of a gift made in contemplation of death. We further hold, on that basis, that the District Court erred in granting summary judgment for the Estate.

7

This Court has the power to reverse a district court's grant of summary judgment and direct it to enter summary judgment in favor of the other party only when all of the facts bearing on the issues are before the Court. Canal Ins. Co. v. Bunday (1991), 249 Mont. 100, 108, 813 P.2d 974, 979. Both parties agree that the material facts are undisputed and before this Court; indeed, both parties moved for summary judgment in the District Court on that basis. For the reasons set forth herein, we hold that the Department is entitled to summary judgment in its favor.

Reversed and remanded for entry of summary judgment consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8

November 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Lawrence G. Allen
Tax Counsel, Dept. of Revenue
P.O. Box 202701
Helena, MT  59620-2701

Bruce E. Lee
Attorney at Law
P.O. Box 1222
Billings, MT  59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy