No. 93-634

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

    Plaintiff/Respondent,

    -v-

GARY GLASSING,

    Defendant/Appellant.

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Susan P. Roy, Garlington, Lohn & Robinson, Missoula,
Montana.

    For Respondent:

        Gary M. Zadick, Ugrin, Alexander, Zadick & Slovak,
Great Falls, Montana

**FILED**

Filed: DEC 20 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  August 18, 1994

Decided:  December 20, 1994

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Defendant Gary Glassing (Glassing) appeals an order of the Eighth Judicial District Court, Cascade County, denying his motion for summary judgment and granting summary judgment in favor of plaintiff, St. Paul Fire & Marine Insurance Company (St. Paul). We reverse.

While Glassing raises three issues on appeal, we shall only address one issue, as it is dispositive of the case:

Is St. Paul's action barred by the statute of limitations?

This case was previously before us in St. Paul Fire & Marine Ins. Co. v. Allstate Ins. Co. (1993), 257 Mont. 47, 847 P.2d 705 (St. Paul I), which set forth the underlying facts giving rise to this action.

St. Paul's insured, Ellen Lynn (Lynn), and Glassing were involved in a motor vehicle collision in Bozeman on June 12, 1985. Lynn filed a personal injury action against Glassing in Gallatin County District Court, and on November 17, 1989, judgment was entered in favor of Lynn in the net amount of $95,377.92.

At the time of the underlying motor vehicle collision, St. Paul insured Lynn with a policy which provided coverage in the event that Lynn was injured by an underinsured motorist. At the same time, Allstate insured Glassing against liability resulting from the operation of his motor vehicle. However, the limit of Glassing's liability coverage was $50,000.

On December 15, 1989, Lynn made a demand for underinsured

2

motorist benefits to her insurer, St. Paul. St. Paul paid Lynn on or about May 31, 1990, in the amount of $51,461.16, which represented the difference between Glassing's $50,000 policy limits and the judgment with interest to the date of St. Paul's payment. On June 28, 1990, Lynn executed a release in favor of Glassing and Allstate, wherein Lynn acknowledged the receipt of $50,000, the policy limits of Glassing's liability coverage. After receiving payment from Allstate and St. Paul, Lynn filed a satisfaction of judgment on October 11, 1990. Stipulations of dismissal with prejudice were entered on October 11, 1990, and October 15, 1990, dismissing the Lynn v. Glassing action.

St. Paul initiated this action against Glassing on July 24, 1990, to recover the $51,461.16 payment, together with interest and costs it paid to Lynn pursuant to her underinsured motorist coverage. St. Paul originally filed its complaint in the United States District Court, however, the complaint was subsequently dismissed and refiled in the Eighth Judicial District, Cascade County. Glassing then moved to dismiss the complaint on the grounds that the District Court lacked personal jurisdiction over him. This Court reversed the District Court's ruling in St. Paul I, that this state lacked personal jurisdiction over Glassing, and remanded the case for further proceedings. St. Paul I, 847 P.2d at 708.

On remand, Glassing moved for summary judgment pursuant to Rule 56, M.R.Civ.P., on three grounds:

    (1)   St. Paul's claim was barred by the statute of
    limitations;

3

(2) St. Paul's claim was barred by the release and satisfaction of judgment in the underlying action;
(3) Glassing was not underinsured.

After considering the briefs and arguments of the parties, the District Court rejected Glassing's arguments and granted summary judgment in favor of St. Paul, in a Memorandum Opinion and Order filed August 6, 1993. Glassing appeals from that order.

## STANDARD OF REVIEW

The standard of review that this Court applies in reviewing a grant of summary judgment is the same as that initially utilized by the district court. Youngblood v. American States Ins. Co. (1993), 262 Mont. 391, 394, 866 P.2d 203, 204. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Youngblood, 866 P.2d at 204.

While there do not appear to be any material facts in dispute, we nevertheless, conclude that St. Paul was not entitled to judgment as a matter of law on the undisputed facts. We review a district court's conclusions of law to determine whether they are correct. Matter of Estate of Langendorf (1993), 262 Mont. 123, 125, 836 P.2d 434, 436. We determine, in this case, that the District Court did not apply the correct law, and that St. Paul was not entitled to summary judgment.

## STATUTE OF LIMITATIONS

One issue raised by Glassing is dispositive of this appeal. Glassing contends that St. Paul's suit is barred by the statute of limitations. We agree.

4

In support of his argument, Glassing maintains that the same statute of limitations applies to an action for subrogation as applies to the injured party's claim. Because the accident occurred on June 12, 1985, and St. Paul did not file its action for subrogation until July 24, 1990, Glassing argues that the applicable three year statute of limitations on Lynn's negligence claim had expired, thus barring St. Paul's claim. See, § 27-2-204, MCA.

The District Court however, ruled that St. Paul's right of subrogation did not accrue until its duty to pay was triggered by the rendering of the excess judgment in favor of St. Paul's insured, Lynn. The court concluded that "[p]rior to that time neither Lynn's right to underinsured motorist benefits nor St. Paul's right to subrogation existed." In reaching its conclusion that the statute of limitations had not expired on St. Paul's claim, the District Court determined a distinction existed between uninsured motorist benefits and underinsured motorist benefits. The court concluded that "[u]nderinsured motorist benefits are not triggered until a settlement or judgment has been rendered by which the insured persons damages are not fully compensated." Therefore, the court found that St. Paul's subrogation claim did not accrue or come into existence until November 17, 1989, the date judgment was rendered in Gallatin County. Accordingly, the court concluded that St. Paul's suit was timely filed. However, the court did not state what the applicable statute of limitations would be on St. Paul's suit against Glassing. We conclude that the District Court erred

5

in ruling that St. Paul's claim was not time-barred for two reasons.

First, the court's conclusion that St. Paul's claim accrued on the date of judgment ignores the basic premise of subrogation; that as a subrogee, St. Paul has no independent claim for its damages. It is a well established principle of subrogation law, that subrogation is "the substitution of another person in place of the creditor, so that the person substituted will succeed to the rights of the creditor in relation to the debt or claim." Skauge v. Mountain States Tel. & Tel. (1977), 172 Mont. 521, 526, 565 P.2d 628, 630.

Additional subrogation principles provide:

> Subrogation confers no greater rights than the subrogor had at the time the surety became subrogated. The subrogated insurer stands in the same position as the subrogor, for one cannot acquire by subrogation what another, whose rights he claims, did not have.

16 Couch on Insurance 2d, §61:36 (1983).

> The right of subrogation is purely derivative as the insurer succeeds only to the rights of the insured, and no new cause of action is created. In other words, the concept of subrogation merely gives the insurer the right to prosecute the cause of action which the insured possessed against anyone legally responsible for the latter's harm . . . . .

16 Couch on Insurance 2d, §61:37 (1983).

Because an insurer's claim is derived from that of the insured, its claim is subject to the same defenses, including the statute of limitations as though the action were sued upon by the insured. Beedie v. Shelly (1980), 187 Mont. 556, 561, 610 P.2d 713, 716. Accordingly, St. Paul's claim is derivative of Lynn's

6

claim, and her claim accrued on June 12, 1985, the date of the accident.

Second, we are cited to no authority for the proposition that the principles of subrogation vary with the type of risk insured against. We recognize that there are jurisdictions which have statutes extending the limitation period for subrogation claims of insurers that have paid damages to their insureds under uninsured or underinsured motorist policy provisions from the date of payment made under the policy. See, Liberty Mut. Ins. Co. v. Fales (Cal. 1973), 505 P.2d 213. However, Montana has no such statutory authority extending the limitation date. Whether there should be such a statute is a matter to be determined by the legislature.

Rather, this Court follows the general principles of subrogation which provide:

> Since the insurer's claim by subrogation is derivative from that of the insured, it is subject to the same statue of limitations as though the cause of action were sues upon by the insured. Consequently, the insurer's action is barred if it sues after expiration of the period allowed for the suing out of tort claims.

16 Couch on Insurance 2d, §61:234 (1983).

On appeal, St. Paul argues that the following statement from St Paul I, supports its contention that its right to subrogation arose upon the rendering of the judgment:

> St. Paul's right to subrogation arises from the judgment entered in favor of its insured against the defendant, and that judgment is the result of the defendant's tortious conduct within the State of Montana.

St. Paul I, 847 P.2d at 707. We note however, that we made this statement in relation to the jurisdiction question which was before

7

us. We concluded that the District Court had personal jurisdiction over Glassing because of the tortious conduct which occurred in the State of Montana, and that the judgment was entered as a result of this tortious conduct. Therefore, the statement does not support St. Paul's argument that its subrogation rights arose upon judgment.

It is apparent from St. Paul's argument, that St. Paul confuses the accrual of a claim for subrogation, and the attachment of the right of subrogation. An insurer's right to subrogation attaches, by operation of law, upon paying an insured's loss. Skauge, 565 P.2d at 630. Accordingly, we held in St. Paul I, that "[i]n this case, St. Paul became substituted for its insured as a matter of law when it paid Ellen Lynn pursuant to its insurance policy with her and is entitled to pursue her right to collect the amount of her judgment against the defendant." St. Paul I, 847 P.2d at 707. While St. Paul's right to subrogation arose upon its payment to Lynn, the right to subrogation does not operate to extend the statute of limitations.

> While a subrogated insurer frequently contends that its action against the third-party tortfeasor who allegedly caused the damage or injury for which the insurer had to recompense its insured did not accrue, and the statute of limitations did not begin to run thereon, until the insurer had made the payments required under its insurance contract, courts have held, generally, that such a contention was without merit. . . . [T]he statute of limitations begins to run on such actions at the same time that the statute of limitations would have begun to run on the insured's action . . . against the third-party tortfeasor.

Annotation, "When Does Statute of Limitations Begin to Run upon Action by Subrogated Insurer Against Third-Party Tortfeasor," 91

8

ALR 3d 844, 850 § 3; See also, <u>Beedie</u>, 610 P.2d at 716; Preferred Risk Mut. Ins. Co. v. Vargas (Ariz.App. 1988), 754 P.2d 346; Nationwide Mut. Ins. Co. v. State Farm (N.C.App. 1993), 426 S.E.2d 298.

Finally we note that St. Paul could have protected its subrogation interest. St. Paul could have intervened in the action filed by Lynn against Glassing. See, Dominici v. State Farm Mut. Auto. Ins. Co. (1964), 143 Mont. 406, 414, 390 P.2d 806, 810, (recognizing the right of the uninsured motorist insurer to intervene).

For the above stated reasons we hold that St. Paul's subrogation claim against Glassing was barred by the statute of limitations, and that the District Court erred in concluding that St. Paul was entitled to judgment as a matter of law. Accordingly, we remand this case to the Eighth Judicial District Court for entry of an order granting summary judgment to Glassing.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

9

_Karla M. Gray_

_Terry Trieweiler_

_William E. Hunt_
Justices

December 20, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Susan P. Roy
GARLINGTON, LOHN & ROBINSON
199 W. Pine, P. O. Box 7909
Missoula, MT 59807-7909

Gary M. Zadick
UGRIN, ALEXANDER, ZADICK & SLOVAK, P.C.
P. O. Box 1746
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy