No. 03-080

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 184N

ROBERT FRANK,

        Petitioner and Appellant,

    v.

KERRY M. ALBER, Jeffrey A. Frank and Mary B. Frank,
minor children; and CHILD SUPPORT DIVISION,
STATE OF MONTANA,

        Respondents and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District, Cause No. CV-98-861
                 In and for the County of Cascade,
                 The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Robert Frank, *Pro Se*, Deer Lodge, Montana

        For Respondents:

            Sharon M. Anderson, Special Assistant Attorney General, State
            of Montana, Department of Public Health and Human Services
            Child Support Enforcement Division, Great Falls, Montana

                    Submitted on Briefs:   June 12, 2003

                           Decided:   July 15, 2003

Filed:

_____
                   Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     The Eighth Judicial District Court, Cascade County, dismissed Robert Frank's petition to modify his child support obligation and his attached petition to establish a parenting plan. Frank appeals.

¶3     On appeal, Frank argues that the District Court should not have dismissed his parenting plan because no parenting plan has been adopted.  In addition, he asserts his child support arrearages have accumulated to a harsh degree.  He asks us to remand this matter to the District Court for further proceedings with the Child Support Enforcement Division (CSED) to work out a payment plan for arrearages once he is released from prison and for a modification of his current child support obligation during his incarceration.  He also asks that upon his release from prison, a new hearing be held concerning re-modification of his support obligation.

¶4     We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  The issue of whether the District Court erred in dismissing Frank's petitions is clearly controlled by settled Montana law which the District Court has correctly

2

interpreted. The parenting plan proposal was outside the scope of review of the CSED child support decision. Dismissal of Frank's petition to modify child support was proper because he failed to support the petition with testimony or evidence of changed circumstances so substantial and continuing as to make the terms of the prior child support order unconscionable, as required under statute and case law. *See* § 40-4-208(2)(b), MCA, and *Mooney v. Brennan* (1993), 257 Mont. 197, 848 P.2d 1020. This decision does not bar Frank from filing, at an appropriate future time, a properly supported petition to modify his child support obligation or from filing a parenting plan petition in a separate proceeding.

¶5     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART