DA 12-0385

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 19N

IN RE THE MARRIAGE OF:

CARI RAHN, n/k/a CARI CANTWELL,

Petitioner and Appellee,

and

DUSTIN RAHN,

Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 03-1025
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Dustin Dumont Rahn (self-represented), Deer Lodge, MT

For Appellee:

Jill Deann LaRance, Kathryn S. Syth, LaRance & Syth, P.C., Billings, MT

Submitted on Briefs: November 14, 2012

Decided: January 29, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Dustin Rahn appeals from an order entered by the Thirteenth Judicial District Court, Yellowstone County, denying his motion to reduce child support payments. We affirm.

¶3     On September 4, 2003, the District Court entered a final decree of dissolution in the marriage of Dustin Rahn (Dustin) and Cari Cantwell (Cari). The parties have one minor child together. The final decree provided that Dustin would pay $669 per month in child support, as established by the Montana Child Support Enforcement Division (CSED). This amount was modified to $358 per month on December 20, 2005.

¶4     In 2006, Dustin was sentenced to prison. Six years later, on May 15, 2012, Dustin filed a motion to reduce his child support payments. In his motion, Dustin asserted that he was unable to pay the $358 per month in child support and was $24,000 in arrears. He maintained he puts 50% of his prison wages toward child support, which he claimed prevented him from being able to save any money and prepare for a successful re-entry into society when he leaves prison. Dustin asked the court to reduce his monthly child support payment and apply it retroactively to the date he began his prison sentence.

¶5     In response to Dustin's motion, Cari relied on § 40-4-208(2)(b)(i), MCA, and *Mooney v. Brennan*, 257 Mont. 197, 848 P.2d 1020 (1993), to argue against a modification in child

2

support. She stated that pursuant to Montana law, incarceration is not a changed circumstance "so substantial and continuing . . . as to make an existing child support order 'unconscionable,'" and a modification is therefore not permitted. Further, Cari challenged Dustin's contention that he paid child support on a monthly basis, and attached a document from the CSED Payment Information website that indicated Dustin had paid child support on only one occasion since 2008. Finally, Cari claimed the motion was frivolous and therefore requested costs and attorney's fees.

¶6 On June 4, 2012, the District Court denied Dustin's motion to reduce his child support payments. In its order, the court explained that "being in prison is not a sufficient reason to reduce one's child support obligation." The court did not award Cari costs and attorney's fees. Dustin appeals.

¶7 We review a district court's decision regarding modifications to child support to determine whether the court abused its discretion. *In re Marriage of Kovash*, 270 Mont. 517, 521, 893 P.2d 860, 863 (1995) (citing *In re Marriage of Hill*, 265 Mont. 52, 57, 874 P.2d 705, 707 (1994)). We review a district court's conclusions of law to determine whether the court's interpretation of law was correct. *Marriage of Kovash*, 270 Mont. at 521, 893 P.2d at 863 (citing *In re Marriage of Barnard*, 264 Mont. 103, 106, 870 P.2d 91, 93 (1994)).

¶8 Section 40-4-208, MCA, permits modification of a decree of child support in certain circumstances. Of relevance to the present case is § 40-4-208(1), MCA, which generally prohibits retroactive modification of a child support obligation. Specifically, it states that

3

child support can be modified "only as to installments accruing subsequent to actual notice to the parties of the motion for modification." Further, § 40-4-208(2)(b)(i), MCA, provides:

> (b) . . . whenever the decree proposed for modification contains provisions relating to maintenance or support, modification . . . may only be made:
>
> (i)    upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable;

The burden of demonstrating both substantial and continuing change, and unconscionable terms, is on the moving party. *In re Marriage of Damschen*, 2011 MT 297, ¶ 22, 363 Mont. 19, 265 P.3d 1245 (citations omitted).

¶9    In *Mooney*, we determined that incarceration does not constitute a change in circumstances so substantial and continuing as to make the terms of a child support order based upon pre-incarceration income unconscionable. *Mooney*, 257 Mont. at 201, 848 P.2d at 1023. There, a district court reduced a father's child support payments once he was incarcerated, determining that his incarceration met the requirements of § 40-4-208(2)(b)(i), MCA. *Mooney*, 257 Mont. at 199, 848 P.2d at 1021. We reversed the district court's decision, reasoning that the father made the choice to commit the crime which resulted in his imprisonment—it was not an involuntary change in circumstances. *Mooney*, 257 Mont. at 200, 848 P.2d at 1022. Further, we stated that the obligor should not profit by his criminal conduct at the expense of his children. *Mooney*, 257 Mont. at 201, 848 P.2d at 1023. Therefore, we determined incarceration does not meet the requirements of § 40-4-208(2)(b)(i), MCA, and the father's pre-incarceration income should be imputed to him. *Mooney*, 257 Mont. at 202, 848 P.2d at 1024.

4

¶10 On appeal, Dustin does not challenge § 40-4-208, MCA, or our holding in *Mooney*. He cites no authority in his brief, and instead only reiterates his concerns about his increasing debt and the challenges it will present once he is released from prison. He requests "simply a reduction in [my] child support payment and accompanying debt so as to reduce the financial stress sure to [o]ccur upon [my] release from prison."

¶11 This case is controlled by settled Montana law which the District Court correctly interpreted. We conclude the District Court's denial of Dustin's motion to modify his child support payments was not an abuse of discretion.

¶12 Cari argues that she is entitled to attorney's fees on appeal, pursuant to M. R. App. P. 19(5). We conclude fees are not appropriate in this case and therefore deny Cari's request.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶14 Affirmed.

/S/ Michael E Wheat

We Concur:
/S/ Patricia O. Cotter
/S/ Brian Morris
/S/ Beth Baker
/S/ Jim Rice

5