FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0078

DA 22-0078

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 210N

IN RE THE MARRIAGE OF:

KELDAH ELIZABETH HEDSTROM,

      Petitioner and Appellee,

  v.

CODY CLAY PETERS,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR-19-100
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jami Rebsom, Jami Rebsom Law Firm P.L.L.C., Livingston, Montana

      For Appellee:

      Rebecca R. Swandal, Swandal Law, PLLC, Livingston, Montana

                    Submitted on Briefs:  August 3, 2022

                              Decided:  October 18, 2022

Filed:

                    _____
                                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cody Clay Peters (Cody) appeals the Order Denying Motion to Suspend Child Support entered January 28, 2022, in the Sixth Judicial District, Park County.

¶3 Cody and Keldah Elizabeth Hedstrom (Keldah) were married on August 28, 2016. They have one child together, D.O.P. Their marriage was dissolved in 2021 and Cody was ordered to pay child support beginning in July of 2021.

¶4 On November 10, 2021, Cody received a ten year sentence to the Department of Corrections, with nine years suspended, for his assault in August of 2020 of Keldah. D.O.P. witnessed the assault. Cody filed a Motion to Suspend Child Support on November 15, 2021, arguing his child support should be suspended because of his incarceration. Keldah filed a response objecting to any suspension of child support. Following a hearing, the District Court denied Cody's request. Cody appeals and Keldah has requested reimbursement of attorney fees and costs incurred in responding to this appeal. We affirm the District Court's denial of Cody's request to suspend child support. Additionally, we remand these proceedings to the District Court for a determination of reasonable costs and fees to be awarded to Keldah for having to respond to this appeal.

2

¶5     Cody argues that Admin. R. M. 37.62.106 supports his argument that child support should be suspended during his incarceration. Specifically, Cody argues that because he is incarcerated for more than 180 days A.R.M. 37.62.106(6)(b) provides that income may not be imputed to him. Aside from citing the A.R.M., Cody offers no other legal support for his request.

¶6     The A.R.M. to which Cody refers, however, addresses the *imputing* of income for purposes of establishing child support and not the *suspension* of already established court ordered child support payments. This Court has well-established caselaw holding that a child support obligation will not be suspended for reasons of incarceration. In *Mooney*, we held:

> Criminal conduct of any nature cannot excuse the obligation to pay support. We see no reason to offer criminals a reprieve from their child support obligations when we would not do the same for an obligor who voluntarily walks away from his job. Unlike the obligor who is unemployed or faced with a reduction in pay through no fault of his own, the incarcerated person has control over his actions and should be held to the consequences. A person who has a support obligation should not profit from his criminal conduct, particularly at his children's expense. . . . Father should not be able to escape his financial obligation to his children simply because his misdeeds have placed him behind bars. The meter should continue to run. Accordingly, we hold the father's support obligation continues to accrue during his incarceration.

*Mooney v. Brennan*, 257 Mont. 197, 201, 848 P.2d 1020, 1023 (1992).

¶7     As pointed out by Keldah, Cody is not requesting a modification of child support; rather, Cody requests his obligation be suspended—which is a request not supported by Montana law. The District Court correctly held Cody's child support obligation continues to accrue during his period of incarceration.

3

¶8 Pursuant to M. R. App. P. 19, Keldah requests reimbursement of attorney fees and costs for having to respond to Cody's appeal. Rule 19(5) allows this Court to "award sanctions to the prevailing party in an appeal . . . determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds." Here, we have little difficulty concluding there is no reasonable basis for Cody's appeal. Our precedent is clear and Cody has failed to support his argument with any legal authority outside of an inapplicable administrative rule. Pursuant to Rule 19(5), sanctions may include "costs, attorney fees, or such other monetary or non-monetary penalty as the Supreme Court deems proper under the circumstances."

¶9 Accordingly, as a sanction for bringing an appeal with no reasonable basis in Montana law, we remand to the District Court for a determination of reasonable attorney fees and costs to reimburse Keldah for having to respond to this appeal.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed, and remanded to the District Court for a determination of attorney fees and costs.

/S/ LAURIE McKINNON

4

We Concur:

/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE